# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE NUNN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES LIABILITY INSURANCE COMPANY, a Pennsylvania corporation; NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 3:21-cv-01473-BEN-MDD<br><br>**ORDER GRANTING-IN-PART JOINT MOTION FOR IMMEDIATE STAY**<br><br>**[ECF No. 50]** |

Plaintiff Suzanne Nunn ("Plaintiff") brings this action for alleged wrongful denial of insurance benefits against Defendants United States Liability Insurance Company ("USLI") and Nationwide Mutual Insurance Company ("Nationwide") (collectively, "Defendants"). ECF No. 1.

Before the Court is the parties' Joint Motion for Immediate Stay. ECF No. 50. The Joint Motion "requests that the Court vacate all pending deadlines and all further discovery in this action until the completion of the related underlying litigation in action[:]" *Most Reverend Kevin William Vann et al. v. Suzanne Nunn et al., Orange County Superior Court*, Case No. 30-2020-01164434-CU-DFCJC (the "Underlying Action"). *See* ECF No. 50.

The parties make several arguments. First, that the insurance coverage issue disputed in the instant litigation—respecting Defendants' alleged duty to indemnify Plaintiff in the Underlying Litigation—will turn on facts being litigated in that Underlying Litigation. *Id.* at 3. Second, the parties argue a stay would "enable Plaintiff and USLI to focus on Plaintiff's defense" in the Underlying Litigation, allowing questions of proof and law to be fully litigated before moving to the remaining coverage dispute at issue in the instant litigation. *Id.* Third, the parties argue that staying the "action would greatly increase the possibility of an informal resolution" in both this action and the Underlying Litigation. *Id.* The parties explain that a stay would allow them "to reach a point where they can productively engage in settlement discussions without simultaneously requiring the [p]arties in this insurance coverage action to incur the costs of taking and defending depositions and undertaking litigation activities to meet upcoming pre-trial deadlines." *Id.* The parties further assert that no party will be prejudiced or suffer hardship by the requested stay. *Id.*

Despite the parties' arguments, the Court is reluctant to grant a stay. There is no estimated end date as to when the stay would be lifted, and parties concede that the Underlying Litigation "remains in its infancy," with discovery currently stayed in that matter. *Id.* at 3. As such, the Court questions the scope of the requested stay; specifically, when the Underlying Litigation will be resolved. Furthermore, the instant litigation has been proceeding in this Court for over two years. Even so, the Court notes the parties "have been actively engaged in discovery," and that "[f]ourteen depositions have been noticed to be taken between" now and the October 13, 2023 discovery cutoff date, with Defendants "contemplating several additional depositions." *Id.* at 2. Essentially, "[s]ignificant resources will be expended by all parties to this action in the coming weeks." *Id.* at 3. For these reasons, the Court agrees to a short-term stay pending a Status Conference, at which the parties will provide the Court with additional information respecting the timeline of any potential extended stay.

Accordingly, the Court **GRANTS-IN-PART** the parties' Joint Motion For Immediate Stay as set forth below:

    1.    The instant litigation and all pending dates and deadlines are stayed[1] through **November 6, 2023**.

    2.    The Court **SETS** a Status Conference for **November 6, 2023** at **10:30 a.m.** in **Courtroom 5A** to assess the formal status of the stay and any potential extension of such.

**IT IS SO ORDERED**.

DATED:   September 28, 2023

_____
**HON. ROGER T. BENITEZ**
United States District Judge

---

[1] The parties request that the case be stayed "with the exception of certain discovery matters presently before the magistrate judge," explaining that the disputes in question could impact ongoing settlement efforts, and that judicial efficiency would be best served by resolution of those disputes. ECF No. 50 at 1–2, 2 n.1. As such, the referenced discovery disputes may proceed while the remainder of the case is stayed.