UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE NUNN, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>UNITED STATES LIABILITY INSURANCE COMPANY, a Pennsylvania corporation; NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio corporation; and DOES 1 through 100, inclusive,<br><br>                    Defendants. | Case No.: 21-CV-1473 JLS (MSB)<br><br>**ORDER LIFTING STAY AND VACATING MARCH 18, 2024 PRETRIAL CONFERENCE**<br><br>(ECF No. 66) |

       Presently before the Court is the Parties' Joint Status Report ("JSR," ECF No. 66), which was filed in response to the Court's January 18, 2024 Order (the "Order," ECF No. 63). In the Order, the Court asked the Parties to elaborate on the status of this action, which has been partially stayed since September of 2023. *See* Order. For the reasons below, the Court **LIFTS** the stay.

## BACKGROUND

       Plaintiff Suzanne Nunn initiated this action, which alleges the wrongful denial of insurance benefits, against Defendants United States Liability Insurance Company ("USLI") and Nationwide Mutual Insurance Company ("Nationwide") (collectively,

"Defendants") on August 18, 2021.  *See* ECF No. 1.  The case was originally assigned to Judge Benitez.

On September 26, 2023, the Parties jointly moved for a stay of this matter pending "the completion of the related underlying litigation in the action styled": *Most Reverend Kevin William Vann et al. v. Suzanne Nunn et al.*, Orange County Superior Court, Case No. 30-2020-01164434-CU-DFCJC (the "Underlying Action").  *See* ECF No. 50 at 2.  The Parties argued a stay was warranted because the insurance coverage issue disputed in this suit turned on facts being litigated in the Underlying Litigation, and because a stay "would greatly increase the possibility of an informal resolution of this matter."  *Id.* at 3.

Noting his reluctance to pause the case indefinitely—as this action had been pending for over two years and the Underlying Litigation remained in its infancy—Judge Benitez stayed[1] the case until November 6, 2023.  *See* ECF No. 52 at 2–3.  Judge Benitez later agreed to extend the stay twice: first through January 2, 2024, *see* ECF No. 53, and then through January 22, *see* ECF No. 58.  Judge Benitez also set a new final pretrial conference for March 18, 2024.  ECF No. 56.

This case was reassigned from Judge Benetiz to Judge Curiel on January 17, 2024, *see* ECF No. 60, and then transferred to this Court the following day, *see* ECF No. 61.  To facilitate the transfer, the Court extended the stay of this action through February 8 and ordered the Parties to file a joint status report.  *See generally* Order.  The Parties complied in a timely manner.

## DISCUSSION

The Joint Status Report provides an update on the Underlying Litigation.  Namely, the Parties indicate that Plaintiff prevailed on a motion filed pursuant to California's Anti-Strategic Lawsuit Against Public Participation ("anti-SLAPP") statute.  *See* JSR at 3.  The complaint against Plaintiff was thus dismissed in its entirety by the California Superior

---

[1] Per the Parties' request, Judge Benetiz excepted certain discovery matters already pending before then-assigned Magistrate Judge Pettit from the stay.  *See* ECF No. 52 at 3 n.1.  Said discovery matters have remained excepted from the stay and are now before Magistrate Judge Berg.  *See* ECF Nos. 52, 64, 65.

Court on January 30, and she was given leave to move for fees and costs.[2]  *Id.*  The Parties suggest the outcome of Plaintiff's motion for attorney's fees and costs has at least some bearing on how and when this case should proceed.  *See id.* at 5, 12–13.

The Joint Status Report also contains a request from Defendants to extend the current stay.  USLI argues that an additional thirty-day stay would allow the Parties to weigh the benefits of and prepare for potential mediation.  *Id.* at 12.  Nationwide echoes USLI's thoughts but asks the Court for a stay of sixty to ninety days.  Nationwide seeks this additional time "to allow for the scheduling of a mutually agreeable mediation date which also takes into consideration the timeline for resolution of Plaintiff's anticipated motion for attorney's fees" in the Underlying Litigation.  *Id.* at 12–13.

Defendants seem to suggest all Parties agree that more time is needed and may help facilitate the resolution of this matter, but the Joint Status Report indicates otherwise.  USLI writes that it "is in general agreement with *Plaintiff's* proposal to briefly extend the existing stay."  *Id.* at 12 (emphasis added).  Plaintiff, however, merely notes she "is not opposed to a further continuance."  *Id.* at 5.  Plaintiff also expresses skepticism regarding the possibility of a settlement.  *See id.* ("Plaintiff . . . take[s] issue with Defendants' characterizations relating to past settlement/mediation efforts and *the possibility of future such efforts* . . . . (emphasis added)).

The Parties disagree on other issues as well.  Plaintiff claims "[t]he nature and complexity of this case has been dramatically altered since this Court's initial setting of the discovery cut-off and Rule 26 expert disclosures/report exchanges."  *Id.* at 4.  Said developments, Plaintiff argues, are the result of USLI's decisions to "dramatically change[] its position on the issue of coverage" and to continue acting in bad faith.  *Id.*  Plaintiff thus seeks "additional factual discovery" and the opportunity to designate a new expert.  *See id.* at 5. Countering, Defendants contend "[t]his case has always been an action for declaratory

---

[2] Plaintiff notes, however, that her adversaries in the Underlying Litigation remain able to appeal the anti-SLAPP decision until February 29.  *See* JSR at 3.

relief and bad faith" and "remains one." *Id.* at 10. Defendants thus oppose Plaintiff's discovery-related requests in their entirety.

Given the update provided by the Parties, the Court sees little value in extending the stay. This case has been ongoing for almost two and a half years. A stay was previously warranted to allow (1) the Underlying Litigation to proceed further, and (2) the Parties to pursue settlement. It now appears that the Underlying Litigation has progressed substantially, and that an additional month or two of delay is unlikely to facilitate an out-of-court resolution of this matter.

## CONCLUSION

In light of the above, the Court **LIFTS** the stay on these proceedings, *see Ralph v. HAJ, Inc.*, No. 17CV1332 JM(JMA), 2019 WL 313098, at *2 (S.D. Cal. Jan. 24, 2019) ("[A] court may lift a stay of litigation when the reasons for imposing the stay no longer exist."), and **VACATES** the March 18, 2024 Final Pretrial Conference. As some discovery disputes remain and new deadlines must be set, Magistrate Judge Berg will soon schedule a status conference for the Parties to attend.

**IT IS SO ORDERED.**

Dated: February 16, 2024

Hon. Janis L. Sammartino
United States District Judge